IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **POPILUSH LLC**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**<br><br>*Defendants.* | Case No. |

### POPILUSH LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SERVE DEFENDANTS BY ELECTRONIC MEANS

Under Rule 4(f)(3), Plaintiff Popilush LLC asks the Court to authorize service by email to the addresses listed in Schedule A to the Complaint and to any other addresses obtained from third parties. This method, combined with notice from payment processors, is reasonably calculated to inform Defendants of the action and give them an opportunity to respond.

Electronic service is necessary here. Offshore e-commerce operators who sell infringing goods may (1) list false or incomplete names and addresses to hide their locations and avoid liability, and (2) rely on electronic communications with service providers and customers, showing that email is a reliable way to reach them. Ronaldson Decl. ¶1. Authorizing service by email and publication ensures Defendants receive prompt notice and allows this case to proceed.

An investigation of the Seller Aliases listed in Schedule A shows that their identifying information may be incomplete, missing, unreliable, or inaccurate. *Id.* ¶2. Online marketplaces like eBay, AliExpress, Amazon, Walmart, Wish.com, Etsy, DHgate, and Temu require sellers to provide an email and address. *Id*. ¶3. Email verification is straightforward; address verification is

not. Sellers can input any address, making the result often false or incomplete. *Id.* ¶4. Even when available, a physical address is not a reliable means of notice. *Id.*

Defendants must maintain valid email accounts to accept payments and manage their stores. *Id.* ¶5. They also use email to monitor their sites and communicate with customers. *Id.* Under the INFORM Consumers Act, platforms are required to collect working email addresses from sellers. *See e.g.*, 15 U.S.C. § 45f(a)(1)(A)(iv) ("An online marketplace shall require any . . . seller on such online marketplace's platform to provide . . . A current working email address . . . for such seller."). For these reasons, under the circumstances here, service by email is reliable.

Rule 4(f)(3) authorizes service "by any means not prohibited by international agreement, as the court orders." Courts in this district routinely permit service by email when dealing with online businesses in Schedule A cases. *Audiowear Tech. Corporation v. The, Partnerships, Corporations, And Unincorporated Associations Identified In Schedule A*, Case No. 1:24-cv-11797, Dkt. No. 28 (N.D. Ill. Jan. 16, 2025) (Plaintiff's "motion for electronic service of process pursuant to Fed. R. Civ. P. 4(f)(3) 12 [is] granted"; 104 defendants identified in Schedule A) (Wood, J.); *Pathway IP LLC, v. The Individuals, Corporations, Limited Liab. Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A*, Case No. 1:24-cv-5218, Dkt. No. 14 (N.D. Ill. July 9, 2024) (granting motion for alternative service) (Valderrama, J.); *Illumafinity, LLC v. The Partnerships And Unincorporated Associations Identified In Schedule A*, Case No. 1:23-cv-15551, Dkt. No. 7 (N.D. Ill. Nov. 30, 2023) (granting motion for alternative service) (Bucklo, J.); *Deckers Outdoor Corporation v. The Partnerships And Unincorporated Associations Identified On Schedule "A"*, Case No. 1:21-cv-5420, Dkt. No. 23 (N.D. Ill. Oct. 27, 2021) (same) (Rowland, J.); *see also Popilush LLC v. The Partnerships And Unincorporated Associations Identified On Schedule A*, Case No. 1:25-cv-10581, Dkt. No. 29, ¶3

(N.D. Ill. Sep. 30, 2025) (Dirkin, J.); *Gianni Versace, S.P.A. v. Yong Peng*, Case No. 1:18-cv-5385 (N.D. Ill. Feb. 27, 2019) (Wood, J.) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). In *Rio*, the Ninth Circuit upheld email service because the defendant conducted its business online, used email regularly, invited contact through email, and "listed no easily discoverable street address . . . ." *Id*. at 1017 ("the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond").

Based on its investigation to date, Defendants appear to reside in China, Singapore, Hong Kong, and/or Vietnam. These countries are parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. United States District Courts, including Courts in this District, permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng, et al.*, Case No. 18-cv-5385, Dkt. No. 70 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 331–32 (S.D.N.Y. 2015) (same); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5–7 (N.D. Cal. Apr.

17, 2007) (same); *Levi Strauss & Co. v. Zhejiang Weidu Garment Co., Ltd., et al.,* No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same). Courts recognize that the Hague Convention does not preclude service by e-mail. *See e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Nor does Rule 4 require a party to try to effectuate service by other methods before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014–15. As the Court in *Rio Properties* explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. Rather, the plain language of the Rule only requires that service is directed by the court and not be prohibited by international agreement. *Id.* at 1014-15. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* at 1015. Courts have also confirmed that the Hague Convention does not displace Rule 4(f)(3). *Gianni Versace*, Case No. 18-cv-5385, Dkt. No. 70 ("the Hague Convention does not displace Rule 4(f)(3)") (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).").

Finally, "Court-directed service pursuant to Rule 4(f)(3) is appropriate when, for example, '***there is a need for speed*** that cannot be met by following the Hague Convention methods, when

4

the Central Authority of the foreign country has refused to serve a particular complaint (perhaps based on its own public policy or substantive law limitations), or when a foreign country's Central Authority fails to effect service within the six-month period provided by the Hague Convention.'" *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (quoting 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.)) (emphasis added).

As time is of the essence, and "[t]he decision whether to allow alternate methods of serving process under Rule 4(f)(3)" is under "the 'sound discretion of the district court,'" Popilush requests that the Court grant this motion. *Strabala*, 318 F.R.D. at 114 (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

Dated: December 23, 2025

*/s/ Nicholas J. Ronaldson*
Nicholas J. Ronaldson
nronaldson@mayerbrown.com
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
T: (312) 623-7056

Gary M. Hnath*
ghnath@mayerbrown.com
Wm. Brady Nash*
bnash@mayerbrown.com
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
T: 1 202 263 3040
*Counsel for Popilush LLC*
\* *pro hac vice* pending