**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **POPILUSH LLC** | |
| *Plaintiff,* | |
| v. | Case No. 1:25-cv-15642 |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"** | |
| *Defendants.* | |

<u>**POPILUSH LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, ASSET RESTRAINT, AND EXPEDITED DISCOVERY**</u>

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS .................................................................................. 2

        A.      Popilush's Intellectual Property and Products ...................................... 2

        B.      Defendants' Conduct ............................................................................. 4

III.    ARGUMENT ...................................................................................................... 10

        A.      The Court has Jurisdiction over this Case and the Defendants............ 10

        B.      Immediate Relief Is Warranted to Prevent Ongoing Harm to Popilush ............. 11

        C.      P███████████████████████████████████████████
                ███████████████████████████████████████████
                ███████████████████████████████████████████
                ███████████████████████████████████████████

        D.      Popilush is Likely to Succeed on its ██████████████ ................. 17

        E.      Popilush is Likely to Succeed on its Lanham Act Claim for False
                Designation of Origin ......................................................................... 19

        F.      Popilush is Likely to Succeed on its Unjust Enrichment Claim ......... 22

        G.      Defendants' Willful Infringement is Inflicting Irreparable Harm on
                Popilush and Leaves it with No Adequate Remedy at Law................ 23

        H.      The Balance of Harms and Public Interest Support Granting Injunctive
                Relief................................................................................................... 26

IV.     THE EQUITABLE RELIEF POPILUSH SEEKS IS APPROPRIATE AND
        TAILORED TO THE HARM .............................................................................. 28

        A.      Ex Parte Relief is Proper When Infringers Leave No Time for Notice ............. 28

        B.      An Asset Freeze is Necessary to Preserve the Court's Equitable Power to
                Award Effective Relief ....................................................................... 30

        C.      Popilush has Shown Good Cause for its Request for Limited and Specific
                Expedited Discovery to Prevent Irreparable Harm ............................. 32

V.      A BOND OF NO MORE THAN $10,000 IS SUFFICIENT TO SECURE THE
        REQUESTED INJUNCTIVE RELIEF ............................................................. 33

VI.     CONCLUSION.................................................................................................... 34

## **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Abbott Lab'ys v. Mead Johnson & Co.*,
    971 F.2d 6 (7th Cir. 1992) ...............................................................................23, 24

*ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule
    "A"*,
    52 F.4th 934 (Fed. Cir. 2022) ...................................................................................11

*ABC Prods. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, &
    Unincorporated Associations Identified on Attached Schedule A*,
    2024 WL 1549784 (N.D. Ill. Jan. 9, 2024) ...............................................24, 26, 27

*Apple Inc. v. Samsung Elecs. Co.*,
    809 F.3d 633 (Fed. Cir. 2015)...................................................................25, 27, 28

*Aria Diagnostics, Inc. v. Sequenom, Inc.*,
    726 F.3d 1296 (Fed. Cir. 2013).................................................................................24

*Audiowear Tech. Corporation v. The, Parternships, Corporations, And
    Unincorporated Associations Identified In Schedule A*,
    Case No. 1:24-cv-11797, Dkt. No. 28 (Jan. 16, 2025) ...............................29, 31, 33

*Banister v. Firestone*,
    2018 WL 4224444 (N.D. Ill. Sept. 5, 2018) ............................................................31

*Black & Decker Inc. v. Robert Bosch Tool Corp.*,
    2006 WL 3446144 (N.D. Ill. Nov. 29, 2006) ..........................................................25

*Bright Hand LLC v. The Individuals, Corporations, Ltd. Liab. Companies,
    Partnerships, And Unincorporated Associates Identified On Schedule "A,"*
    Case No. 1:24-cv-07564, Dkt. No. 34 (Oct. 18, 2024) ............................................34

*Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified on
    Schedule 'A*,
    2014 WL 3765854 (N.D. Ill. July 29, 2014)...........................................................28

*CampaignZERO, Inc. v. StayWoke Inc.*,
    2020 U.S. Dist. LEXIS 228050 (N.D. Ill. Dec. 4, 2020) ........................................32

*Celsis in Vitro, Inc. v. CellzDirect, Inc.*,
    664 F.3d 922 (Fed. Cir. 2012)..................................................................................24

*Charter Nat'l Bank & Tr. v. Charter One Fin., Inc.*,
   2001 WL 527404 (N.D. Ill. May 15, 2001) .................................................................11

*Chenyan Sun v. Daisy Xie d/b/a Garment Outlets & Trendyshow & Vivi Fang
   d/b/a Fashionforgirls, Qian Ni Trade & Beautyfactory*,
   2025 WL 2467497 (N.D. Ill. Aug. 27, 2025) .................................................17, 18

*Christian Dior Couture, S.A. v. Lei Liu et al.*,
   2015 U.S. Dist. LEXIS 158225 (N.D. Ill. Nov. 17, 2015).........................................10

*Cleary v. Philip Morris Inc.*,
   656 F.3d 511 (7th Cir. 2011) .........................................................................22, 23

*CSC Holdings, Inc. v. Redisi*,
   309 F.3d 988 (7th Cir. 2002) ..............................................................................32

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003).............................................................................................19

*Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*,
   2013 U.S. Dist. LEXIS 47248 (N.D. Ill. Mar. 27, 2013)...........................................33

*Deckers Outdoor Corporation v. The Partnerships And Unincorporated
   Associations Identified On Schedule "A"*,
   Case No. 1:21-cv-5420, Dkt. No. 23 (October 27, 2021) .................................29, 32

*Design Basics, LLC v. Lexington Homes, Inc.*,
   858 F.3d 1093 (7th Cir. 2017) ............................................................................18

*Design Basics, LLC v. Signature Constr., Inc.*,
   994 F.3d 879 (7th Cir. 2021) ..............................................................................17

*Duncan Parking Techs., Inc. v. IPS Grp.*,
   914 F.3d 1347 (Fed. Cir. 2019).............................................................................12

*Eli Lilly & Co. v. Hospira, Inc.*,
   933 F.3d 1320 (Fed. Cir. 2019).............................................................................12

*Gensler v. Strabala*,
   764 F.3d 735 (7th Cir. 2014) ..............................................................................19

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No.
   70 of Alameda Cnty.*,
   415 U.S. 423 (1974).........................................................................................30

*Gray v. Orr*,
   4 F. Supp. 3d 984 (N.D. Ill. 2013) ......................................................................11

*Guizhou Xianozhi Sheep Trading Co. v. Partnerships, & Unincorporated*
   *Associations Identified on Schedule A,*
   2024 WL 5457388 (N.D. Ill. Nov. 25, 2024) .......................................................11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
   579 U.S. 93 (2016).............................................................................................15

*Hess Newmark Owens Wolf, Inc. v. Owens,*
   415 F.3d 630 (7th Cir. 2005) .............................................................................24

*Hydrodynamic Indus. Co. v. Green Max Distributors, Inc.,*
   2014 WL 2740368 (C.D. Cal. June 16, 2014) ....................................................27

*Ibarra v. City of Chicago,*
   816 F. Supp. 2d 541 (N.D. Ill 2011) ..................................................................32

*Illumafinity, LLC v. The Partnerships And Unincorporated Associations Identified*
   *In Schedule A,*
   Case No. 1:23-cv-15551, Dkt. No. 7 (Nov. 30, 2023) (Bucklo, J.) ......................29, 31, 33, 34

*Johnson & Johnson v. Advanced Inventory Mgmt., Inc.,*
   2020 WL 8260381 (N.D. Ill. July 20, 2020).......................................................30

*Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.,*
   735 F.3d 735 (7th Cir. 2013) .............................................................................23

*Life Spine, Inc. v. Aegis Spine, Inc.,*
   8 F.4th 531 (7th Cir. 2021) ...........................................................................23, 24

*Markman v. Westview Instruments, Inc.,*
   52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996) .....................13

*Microsoft Corp. v. I4I Ltd. P'ship,*
   564 U.S. 91 (2011).............................................................................................15

*Microsoft Corp. v. Rechanik,*
   249 F. App'x 476 (7th Cir. 2007) .......................................................................21

*Mobile Motherboard Inc. v. AIOEXPC,*
   2025 WL 1505399 (N.D. Ill. May 27, 2025).......................................................11

*Monster Energy Co. v. Jing,*
   2015 WL 4081288 (N.D. Ill. July 6, 2015)..........................................................21

*Natera, Inc. v. NeoGenomics Lab'ys, Inc.,*
   106 F.4th 1369 (Fed. Cir. 2024) ...................................................................12, 24

*NBA Properties, Inc. v. HANWJH*,
  46 F.4th 614 (7th Cir. 2022) ....................................................................................10

*New England Braiding Co. v. A.W. Chesterton Co.*,
  970 F.2d 878 (Fed. Cir. 1992) ..................................................................................16

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
  119 F.4th 1355 (Fed. Cir. 2024) ..............................................................................12

*Nirvana, L.L.C. v. Partnerships & Unincorporated Associations Identified on
  Schedule "A"*,
  2022 WL 22886568 (N.D. Ill. Mar. 1, 2022) ...........................................................31

*O'Connor v. Ford Motor Co.*,
  477 F. Supp. 3d 705 (N.D. Ill. 2020) .......................................................................22

*Pathway IP LLC, v. The Individuals, Corporations, Limited Liab. Companies,
  Partnerships, and Unincorporated Associations Identified on the Attached
  Schedule A*,
  Case No. 1:24-cv-5218, Dkt. No. 14 (July 9, 2024) .....................................29, 31, 33

*Peng v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
  2021 WL 4169564 (N.D. Ill. Sept. 14, 2021) ...........................................................26

*Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*,
  274 F.2d 487 (2d Cir. 1960) .....................................................................................19

*Popilush LLC v. The Partnerships And Unincorporated Associations Identified
  On Schedule A*,
  Case No. 1:25-cv-10581, Dkt. No. 28 (N.D. Ill. Sep. 30, 2025) ........................29, 31

*Popilush LLC v. The Partnerships and Unincorporated Associations Identified on
  Schedule A*,
  Case No. 1:25-cv-10581, Dkt. No. 32 (N.D. Ill. Oct. 14, 2025).................................. *passim*

*PPG Indus. v. Guardian Indus. Corp.*,
  75 F.3d 1558 (Fed. Cir. 1996) ..................................................................................27

*Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*,
  237 F.3d 1359 (Fed. Cir. 2001) ................................................................................12

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
  659 F.3d 1142 (Fed. Cir. 2011) ..........................................................................25, 26

*Sandisk LLC v. The Partnerships And Unincorporated Associations Identified On
  Schedule "A"*,
  Case No. 1:21-cv-2692, Dkt. No. 24 (June 17, 2021) ................................29, 31, 34

*Sioux Steel Co. v. Prairie Land Mill Wright Servs.*,
   2023 WL 5804194 (N.D. Ill. Sept. 7, 2023) ...................................................25, 27

*Sorensen v. WD–40 Co.*,
   2015 WL 3634612 (7th Cir. June 11, 2015) .............................................................21

*Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of New York, LLC*,
   124 F.4th 898 (Fed. Cir. 2024) ..............................................................................13

*Titan Tire Corp. v. Case New Holland, Inc.*,
   566 F.3d 1372 (Fed. Cir. 2009)..............................................................................16

*Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*,
   2014 WL 6613116 (N.D. Ill. Nov. 21, 2014) .........................................................25

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
   505 U.S. 763 (1992) ................................................................................................19

*Ty, Inc. v. Jones Grp., Inc.*,
   237 F.3d 891 (7th Cir. 2001) ..................................................................................12

*UIRC-GSA Holdings, LLC v. William Blair & Co., LLC*,
   90 F.4th 908 (7th Cir. 2024) ...................................................................................17

*Univ. of Texas v. Camenisch*,
   451 U.S. 390 (1981)................................................................................................16

*Valencia v. City of Springfield, Illinois*,
   883 F.3d 959 (7th Cir. 2018) ..................................................................................26

**Statutes**

15 U.S.C. § 1116(a) ....................................................................................................28

15 U.S.C. § 1117(a) ..............................................................................................30, 31

15 U.S.C. § 1125(a) ....................................................................................................10

17 U.S.C. § 101 *et seq*..................................................................................................10

17 U.S.C. § 410(c) ......................................................................................................17

17 U.S.C. § 501(a) ......................................................................................................17

17 U.S.C. § 501(b) ......................................................................................................17

17 U.S.C. § 502(a) ......................................................................................................28

17 U.S.C. § 504(b) ......................................................................................................31

28 U.S.C. § 1331 ..........................................................................................................10

28 U.S.C. § 1338(a) .....................................................................................................10

28 U.S.C. § 1338(b) .....................................................................................................10

28 U.S.C. § 1391(b)(2) .................................................................................................10

28 U.S.C. § 1400(b) .....................................................................................................10

35 U.S.C. § 1, *et seq.* ..................................................................................................10

35 U.S.C. § 282 ............................................................................................................15

35 U.S.C. § 283 ............................................................................................................28

Copyright Act ..........................................................................................................28, 30

Lanham Act ........................................................................................................... *passim*

Patent Act .....................................................................................................................28

**Other Authorities**

11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §
2948.1 (3d ed. 2002 & April 2021 Supp.) ..............................................................24

Fed. R. Civ. P. 26(a)(1)(B) ...........................................................................................32

Fed. R. Civ. P. 26(d) .....................................................................................................32

Fed. R. Civ. P. 26(f) ................................................................................................32, 33

Fed. R. Civ. P. 65 ..........................................................................................................28

Fed. R. Civ. P. 65(b) .....................................................................................................30

Fed. R. Civ. P. 65(c) .....................................................................................................33

U.S. Patent No. 12,302,954 ................................................................................... *passim*

## I.     __INTRODUCTION__

Popilush is facing rampant mass infringement of its intellectual property. The popularity of Popilush's shapewear products has spawned a swarm of online infringers. And the infringement is spreading rapidly.

Defendants' infringing sales are severely harming Popilush. These knockoffs are damaging Popilush's reputation and market share. They are diluting its brand and causing it to lose sales, customers, and its competitive edge.

Popilush has been "targeted." Piracy websites track Popilush's cases and tip off infringers the moment Popilush sues to stop them. The result: a ready-made roadmap for evasion.

The courts in this district are skilled at quickly and effectively stopping this type of pirating conduct, including granting *ex parte* temporary restraining orders, preliminary injunctions, asset restraints, and expedited discovery when parties like Popilush face these conditions. Popilush now seeks that relief to stop this onslaught of infringement.

Founded in 2021, Popilush LLC is an American business that sells shapewear which promotes comfortable confidence:



Shapewear is form-fitting clothing designed to smooth, sculpt, or compress areas of the body for a contoured appearance. It is often made from stretchy, elastic fabrics like spandex or nylon and comes in styles from dresses and bodysuits to leggings and slips.

Popilush's founder, Ms. Eve DeMartine, is a pioneer in this industry. Her vision for Popilush ████████████████████████████████████████████████████ ███████████ ████████████████████████████████ ███████████████ ███████████ █████████████████████████████████████ This technology, and Popilush's growing popularity, catapulted its sales and brand recognition—it now sells 3 dresses per minute.

But Popilush's popularity and sales caught the attention of those seeking to exploit it. While its investigation continues, Popilush has discovered a surge in online knock-off products being sold from varying, unknown, and unreliable sources. These knockoffs harm Popilush's business and reputation, exploit its technology, and infringe its intellectual property. Even worse, as a targeted business, Popilush has discovered that its sales, lawsuits, and intellectual property are now being tracked by online pirating websites seeking to support the infringers.

Popilush does not take this illicit conduct lightly nor the relief it seeks from the Court to stop this infringement. For the reasons below, Popilush seeks an order granting an *ex parte* temporary restraining order, injunction, asset restraint, and expedited discovery.

## II.  STATEMENT OF FACTS

### A.  Popilush's Intellectual Property and Products

Popilush is a limited liability company registered in Virginia with its principal place of business at 575 8th Avenue, Suite 608, New York, NY, 10018, USA.





Popilush is also the rightful owner of, with all right title, and interest in, ██████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████ ████████████████████████████████████████
██████████████████████████████████████████████
██████ ████████████████████████████████████████
████████████████████████████

Popilush also possesses several federally registered trademarks to protect its brand, name,

and logos, ████████████████████████ ████████████████
██████ ██████████████████████████████████████████
██████████████████████ ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████ ████████ ("Popilush's Brand" or "Brand").

To the best of its knowledge, all of Popilush's intellectual property asserted in this motion is in good standing. *Id.* ¶14.

**B.    Defendants' Conduct**

Popilush identified the foreign infringers in Schedule A to the Complaint ("Defendants"). Based on Popilush's investigation to date, the true number of Defendants cannot presently be determined absent discovery; ████████████████████████. Declaration of Wm. Brady Nash ("Nash Declaration") ¶1.

Defendants sell knockoff products that infringe Popilush's ████ █████████████████ Brand ("Infringing Products"). Nash Declaration ¶2. Defendants' infringement occurs through fully interactive e-commerce stores operating under the seller aliases listed in Schedule A ("Seller Aliases"). *Id.* Defendants target, sell, ship, and advertise to the U.S. and to Illinois residents. *Id.*

Popilush's success—and its rise in popularity of its shapewear ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

Popilush provided the Court with detailed infringement charts showing Defendants' infringement of ████████████████ ███████████████████████████████████████

████████



████████████████████████████ ████████████████

████████████ Defendants' infringement is not *de minimis*, rather, as shown in

Popilush's infringement charts, ████████████████████████ ████████

████████████████████████████

Defendants did not end up here by mistake. ████████████████████

████████████████ ████████████████████████

5



And these similarities appear to be just the beginning of what may be collective interaction between the Defendants. Along with the widely recognized public sources showing coordinated conduct, specific here, █████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████ █████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████ ████████████████████████████████

██████████████████████

███████████████████ █████████████ ██████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████ ██

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████







While discovery has not yet begun, these revelations appear to be just the tip of the iceberg,

Popilush fears that without the immediate relief it seeks in this motion,

## III.   <u>ARGUMENT</u>

### A.   *The Court has Jurisdiction over this Case and the Defendants*

This case concerns ████████████████████████ nd false designation of origin under the Lanham Act. The Court has original subject matter jurisdiction over these claims under 3 ████████████████████ 15 U.S.C. § 1125(a), 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 1400(b).

The Court also has personal jurisdiction over the Defendants. Defendants offer products for sale, complete sales, accept payments in U.S. dollars from U.S. bank accounts, and ship to the United States, including Illinois and this judicial district. Nash Decl. ¶20, Exs. 1-3; Compl. ¶3. Defendants have "purposefully directed conduct at Illinois." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 622-627 (7th Cir. 2022) ("We also have held jurisdiction proper where a defendant's website offered the forum state as a 'ship-to' option"); *Christian Dior Couture, S.A. v. Lei Liu et*

*al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (finding personal jurisdiction satisfied and noting that "[i]f [Defendant] made efforts to extend offers to Illinois consumers, [Defendant] purposefully availed itself of the privilege of conducting business in Illinois, whether or not the deals were finalized.").

### B. *Immediate Relief Is Warranted to Prevent Ongoing Harm to Popilush*

"The standards for issuing a TRO are identical to those for a preliminary injunction." *Gray v. Orr*, 4 F. Supp. 3d 984, 989 (N.D. Ill. 2013); *Charter Nat'l Bank & Tr. v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) ("The standards for a temporary restraining order and the standards for a preliminary injunction are identical.").

In deciding a preliminary injunction, Federal Circuit law governs substantive matters unique to patent law, while Seventh Circuit law applies to the remaining non-patent claims. *Mobile Motherboard Inc. v. AIOEXPC*, 2025 WL 1505399, at *1 (N.D. Ill. May 27, 2025) ("While I look to Seventh Circuit law on preliminary injunctions, Federal Circuit precedent applies insofar as it reflects considerations specific to patent issues.") (quotes omitted); *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022) ("In reviewing the grant or denial of a preliminary injunction, the estimated likelihood of success in establishing infringement is governed by Federal Circuit law . . . while the other factors are governed by the law of the regional circuit[.]") (quotes omitted); *Guizhou Xianozhi Sheep Trading Co. v. Partnerships, & Unincorporated Associations Identified on Schedule A*, 2024 WL 5457388, at *2 (N.D. Ill. Nov. 25, 2024) ("In deciding a motion for a preliminary injunction in a patent case, district courts apply Federal Circuit law instead of the law of the circuit in which they sit because the motion involves substantive matters unique to patent law.") (quotes omitted).

"A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer

irreparable harm if the injunction is not granted." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895-96 (7th Cir. 2001).

"If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.* The Court must then "consider the public interest (non-parties) in denying or granting the injunction." *Id.* "The court then weighs all of these factors . . . engaging in what we term the sliding scale approach" where "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Id.*

**C.**   ***Popilush is Likely to Succeed on the Merits*** ███████████████

**1.**   **Popilush is likely to prove d**█████████████████

████████████████████████████████████████

███████████████████████████████████████████

███████████████ ██████████████████ █████████████

███████████████████████████████████████████

█████████████

████████████████████████████████████

████████████████████████████████ ████████████████

███████ ███████████████████████████████

█████████████████████

███████████████████████████████████

███████████████████████████████████████████

██████████████████████████ ████████████████████







**2.** **Popilush is likely to withstand any challenges** ████████████
████████████



**D.** ***Popilush is Likely to Succeed on its*** ████████████████







**E.** ***Popilush is Likely to Succeed on its Lanham Act Claim for False Designation of Origin***

Section 43(a) of the Lanham Act "goes beyond trademark protection" by creating a "federal remedy against a person who used in commerce either a false designation of origin, or any false description or representation in connection with any goods or services." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 29 (2003). The language of the statute is broad, as Section 43(a)(1) reads:

> Any person who, on or **in connection with any goods or services**, ... uses in commerce any word, term, name, **symbol**, or device, or any combination thereof, **or any false designation of origin**, false or misleading **description of fact**, or false or misleading **representation of fact**, which—
>
> (A) is likely to cause **confusion**, or to cause **mistake**, or to **deceive** as to the **affiliation**, **connection**, or **association** of such person **with another person**, or as to the **origin**, **sponsorship**, or **approval** of his or **her goods**, services, or commercial activities by another person [**shall be liable in a civil action**.]

*Gensler v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014) (emphasis added) (quoting Section 43(a)).

The Defendants violated Section 43(a). ███████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (Stevens, J., concurring) ("Under the Lanham Act § 43(a), the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks. Whether we call the violation infringement, unfair competition or false designation

19

of origin, the test is identical—is there a likelihood of confusion?") (cleaned up); Nash Decl. ¶¶22,

5-10. There is a likelihood of confusion here. *Id.*

████████████████████████████████████████████████████████████████████

██████████████████████████████████████. But rather than create their own brand,

advertising, and goodwill, ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████

███████████████████  ████████████  █████████████████████████

███████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████  ███████████

██████████████████  █████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████  █████████████████████████████████████████  ███████████

████████████████████████████████████████████████████████████████████

████████████████████████████  ████████  ██████████████████████

████████████████████████████

Popilush satisfies this bar as it need not present evidence of ***actual*** confusion, but only a ***likelihood*** of confusion. *Monster Energy Co. v. Jing*, 2015 WL 4081288, at *3 (N.D. Ill. July 6, 2015). Popilush's evidence showing ████████████ satisfies this element as ████████████ is likely to cause confusion. *See, e.g.*, Nash Decl. ¶¶8, 10, 22, Exs. 2-3; DeMartine Decl. ¶¶16, 20, 23, 30. This factor further favors Popilush as Defendants sell infringing goods in "an apparent attempt to capitalize upon the popularity of, and demand for, another's product"—meaning that Popilush enjoys a "a presumption of a likelihood of confusion." *Microsoft Corp.*, 249 F. App'x at 479.

Even with no presumption, applying the likelihood of confusion factors shows that there is a likelihood of confusion here. *Sorensen v. WD–40 Co.*, 2015 WL 3634612, at *8 (7th Cir. June 11, 2015). First, the products ██████████████████████████ *Id.* The "area and manner of concurrent use" ████████████████████████████████████████

Second, the degree of care also favors Popilush. These products a██████████████████ ████████████████ when faced with these facts, courts "assume that the more ████████████ ████████████ the products and services [are], the more likely that consumers will e████████ ████████████████ and discrimination in their purchases." *Monster Energy*, 2015 WL 4081288, at *3 (quoting *Sorensen*, 2015 WL 3634612, at *12) (brackets and internal quotation marks omitted); Nash Decl. ¶22, Exs. 1-3. Because of this, courts recognize that in such circumstances "customers ████████████████ and that "supports a finding that there is a likelihood of confusion." *Id.* (quoting *Sorensen*, 2015 WL 3634612, at *12). The Court in *Monster* explained that when the "products at issue . . . ██████████████████████ and when "the consumer base ██████████████████████ courts find that these factors favor a finding that

21

"[c]onsumers are unlikely ███████████████████ [and] so this factor weighs in [Popilush's] favor." *Id.*

Third, Popilush's brand strength is strong. P████ ████████████████████████



████████████████████████████████ Courts find that this type of evidence is sufficient for a finding of confusion at this stage. *Monster*, 2015 WL 4081288, at *3.

The last factor, Defendants' intent, is clear: to freeride off Popilush's goodwill, popularity, and intellectual property. ████████████████████████

████████ At bottom, Popilush is likely to show likelihood of confusion and is therefore likely to succeed on its Lanham Act claim. *Id.*

### F. *Popilush is Likely to Succeed on its Unjust Enrichment Claim*

To succeed on a claim for unjust enrichment, Popilush must show that the Defendants have "unjustly retained a benefit to the plaintiff's detriment, and that defendant[s]' retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (quotes omitted). An "unjust enrichment claim may be pursued as an independent cause of action," but "where the claim rests on the same improper conduct alleged in another claim, it will stand or fall with the related claim." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020).

Popilush has provided ample evidence and legal support showing it is likely to succeed on its patent, copyright, and Lanham Act claims. *See supra* at 1-22. For all these reasons, Defendants'

retention of their ill-gotten gains would violate "justice, equity, and good conscience" and demands disgorgement. *See Cleary*, 656 F.3d at 516.

### G. Defendants' Willful Infringement is Inflicting Irreparable Harm on Popilush and Leaves it with No Adequate Remedy at Law

A plaintiff suffers irreparable harm when it is "not fully compensable or avoidable by the issuance of a final judgment . . . in the plaintiff's favor." *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). Harm is irreparable if legal remedies are inadequate to cure it, meaning "the remedy must be seriously deficient as compared to the harm suffered." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) (citation omitted). But "the more likely it is the plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards its side; the less likely it is the plaintiff will succeed, the more the balance need weigh towards its side." *Kraft Foods Grp.*, 735 F.3d at 740 (quoting *Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).



For ███████████████████████ Courts, including those in the Northern District, find these types of harms sufficient to show irreparable harm. *ABC Prods. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Attached Schedule A*, 2024 WL 1549784, at *5 (N.D. Ill. Jan. 9, 2024) (granting preliminary injunction based on a showing of these harms) (Kendall, J.); *Life Spine, Inc.*, 8 F.4th at 546 ("[I]t is precisely the difficulty of pinning down what business has been or will be lost that makes an injury 'irreparable.'") (quoting *Hess Newmark Owens Wolf, Inc. v. Owens*, 415 F.3d 630, 632 (7th Cir. 2005)).

The Federal Circuit also recognizes that these harms show irreparable harm. *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("Under [the Court of Appeals for the Federal Circuit's] precedent, price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.") (cleaned up) (quoting *Celsis in Vitro, Inc. v. CellzDirect, Inc*., 664 F.3d 922, 930 (Fed. Cir. 2012))); *Life Spine, In*c., 8 F.4th at 546 (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2002 & April 2021 Supp.)) ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable."); *Abbott Lab'ys*., 544 F.3d at 1362 (noting likelihood of loss of market position is evidence of irreparable harm); *see also Natera, Inc. v. NeoGenomics Lab'ys, Inc*., 106 F.4th 1369, 1378 (Fed. Cir. 2024) (affirming district court finding of irreparable harm and explaining that "***head-to-head*** competition and lost market share can support a showing of irreparable harm") (emphasis added).

████████████████████████████████████

███████████████████████████████    ████ ████

██████████████████████ ██ ██████████████

██████████████████████████████████████████████████████████

████████████████████████ ███████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████ ███████████████████████████████████ ██████████

Popilush has shown a causal nexus between the infringement and the alleged harm. *Apple*, 735

F.3d at 1360-61.

As a result of the Defendants' willful infringement, ███████████████████████████

████████████████ █████ ███████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████ ███████████████████████████████████

████████████████████████

As a pioneer in the shapewear industry, Popilush is recognized for ████████████████

██████████████████████████████████████████████████████████

████████████████████ ████████████████████████████ Courts in the Northern District

find this "confusion between products" sufficient to show irreparable harm. *Black & Decker Inc.*

*v. Robert Bosch Tool Corp.*, 2006 WL 3446144, at *4 (N.D. Ill. Nov. 29, 2006) ("Because Black

& Decker has presented evidence that its reputation as an innovator in the jobsite radio market

may be harmed by the continued selling and marketing of the old Power Box radios, this factor

weighs in favor of a permanent injunction."); *Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014

WL 6613116, at *8 (N.D. Ill. Nov. 21, 2014) (finding declaration attesting to "price erosion, loss

of market share, lost sales, and loss of goodwill from its customer base . . . sufficient [for Plaintiff] to meet its burden as to irreparable harm").

Lastly, as alleged, and based on Popilush's investigation to date, Defendants anonymously reside in, operate out of, and work together in China and other foreign jurisdictions. Nash Decl. ¶¶19, 23; Compl. ¶¶49-56. ███████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████ Given the questionable financial condition of these Chinese infringers, any monetary remedy appears uncertain. *See, e.g.*, *id.* ¶¶17-19, 25, Exs 5-9. Courts in the Northern District and Federal Circuit alike have held that when faced with circumstances that Popilush faces, a finding of irreparable harm is proper. *ABC Prods*., 2024 WL 1549784, at *5 ("Thus, ABC Products's ability to collect damages through later legal remedies is bleak, at best. This factor also weighs in favor of injunctive relief."); *Peng v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 4169564, at *3 (N.D. Ill. Sept. 14, 2021); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011) (finding irreparable harm satisfied based on these conditions and explaining that a "district court should assess whether a damage remedy is a meaningful one in light of the financial condition of the infringer before the alternative of money damages can be deemed adequate").

## H. *The Balance of Harms and Public Interest Support Granting Injunctive Relief*

Stack up the "irreparable harm" Popilush faces "without the protection of the preliminary injunction" against whatever hardship the willful foreign infringers may "suffer if the court were to grant the requested relief," and the scales are not close—Popilush is entitled to an injunction. *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (quotes omitted).

Defendants built their business on infringement. ████████████████ ██████████████████████ Their intent was plain: to ride on Popilush's goodwill and hard-earned technology. Any hardship they now claim flows from that choice. But equity does not protect self-inflicted wounds. "[C]ourts are not sympathetic to the hardship a party brings upon itself by undertaking knowing infringement"—especially when they take "a calculated risk that [they] might infringe" another's intellectual property. *Hydrodynamic Indus. Co. v. Green Max Distributors, Inc*., 2014 WL 2740368, at *5 (C.D. Cal. June 16, 2014).

Popilush has shown that it is likely to succeed on the merits and that it is suffering irreparable harm. *See supra* at 1-26. Any countervailing factors of harm flowing to Defendants stem from their own making—they risked willful infringement for profits, got caught, and must now pay the price. *Hydrodynamic*, 2014 WL 2740368, at *5.

Nor can the foreign infringers show that U.S. public policy rides to their aide. Both the Federal Circuit and courts in the Northern District recognize that "that there is a 'strong public policy favoring the enforcement of patent rights.'" *ABC Prods.*, 2024 WL 1549784, at *5 (quoting *PPG Indus. v. Guardian Indus. Corp*., 75 F.3d 1558, 1567 (Fed. Cir. 1996)). This is why courts have explained that the "public interest is generally served by granting an injunction against infringers." *Sioux Steel Co. v. Prairie Land Mill Wright Servs*., 2023 WL 5804194, at *4 (N.D. Ill. Sept. 7, 2023). To hold otherwise would be to permit competition "at the expense of a patentee's investment-backed property right"—but the public does not "benefit" from that. *Apple Inc. v. Samsung Elecs. Co*., 809 F.3d 633, 647 (Fed. Cir. 2015).

████████████████████████████████████

████████████████████████████████████

███████████████████████ ███████████████████████████████

███████████████████████████████████████████████████

Popilush did everything our system asks: it invested, innovated, and secured patents, copyrights, and trademarks to protect its work. The reward for that commitment is the protection of the law, not erosion of its hard-earned market by copyists. "Injunctions are vital to this system," and without one, the system fails the very innovators it was designed to protect. *Apple*, 809 F.3d at 647.

## IV. The Equitable Relief Popilush Seeks Is Appropriate And Tailored To The Harm

█████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████ ████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████

### A. *Ex Parte Relief is Proper When Infringers Leave No Time for Notice*

Courts recognize that infringers often create the very conditions that warrant *ex parte* relief. *See Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule 'A,'*, 2014 WL 3765854, at *1 (N.D. Ill. July 29, 2014) (explaining the "conundrum" plaintiffs face, granting an *ex parte* restraining order, and noting that "defendants attempt to avoid liability by going to great lengths to conceal their identities" and that "there existed a danger that defendants would close their websites and empty their accounts of funds received from sale of their infringing products if given prior notice" of the lawsuit).

This "conundrum" lies at the heart of "Schedule A" litigation: either the Court grants relief now and preserves assets, or it denies relief and those assets could vanish beyond recovery. That

is the very reason courts in this district have long recognized that *ex parte* relief, while extraordinary, is necessary in these cases. *Id.*; *see also Audiowear Tech. Corporation v. The, Partnerships, Corporations, And Unincorporated Associations Identified In Schedule A*, Case No. 1:24-cv-11797, Dkt. No. 28 (Jan. 16, 2025) (granting *ex parte* motion for temporary restraining order, injunction, asset restraint, and expedited discovery with 104 defendants identified in Schedule A) (Wood, J.); *Pathway IP LLC, v. The Individuals, Corporations, Limited Liab. Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A*, Case No. 1:24-cv-5218, Dkt. No. 14 (July 9, 2024) (granting *ex parte relief* with nearly 80 defendants identified in Schedule A) (Valderrama, J.); *Illumafinity, LLC v. The Partnerships And Unincorporated Associations Identified In Schedule A*, Case No. 1:23-cv-15551, Dkt. No. 7 (Nov. 30, 2023) (granting *ex parte* relief with 25 defendants identified in Schedule A) (Bucklo, J.); *Deckers Outdoor Corporation v. The Partnerships And Unincorporated Associations Identified On Schedule "A"*, Case No. 1:21-cv-5420, Dkt. No. 23 (October 27, 2021) (granting *ex parte* relief with 108 defendants identified in Schedule A) (Rowland, J.); *Sandisk LLC v. The Partnerships And Unincorporated Associations Identified On Schedule "A"*, Case No. 1:21-cv-2692, Dkt. No. 24 (June 17, 2021) (granting *ex parte* relief with 10 defendants identified in Schedule A) (Valderrama, J.); *see also Popilush LLC v. The Partnerships And Unincorporated Associations Identified On Schedule A*, Case No. 1:25-cv-10581, Dkt. No. 28, (N.D. Ill. Sep. 30, 2025) (granting ex parte TRO under similar circumstances as here) (Durkin, J.).

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████ They may then set

up new shops with new Seller Aliases—all while selling the same Infringing Products. *See* Compl.

¶34. 

But Rule 65(b) closes this loop. When "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Rule 65(b) enables the Court "to issue a temporary restraining order without written or oral notice to the adverse party." *Id.*

The Supreme Court has recognized that "*[e]x parte* temporary restraining orders are no doubt necessary in certain circumstances" to serve "their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

This is precisely why Popilush seeks this *ex parte* TRO. *Id.* An *ex parte* TRO is necessary to preserve the status quo, vindicate Popilush's patent rights, reputation, and goodwill, and protect consumers from ongoing harm. *Id.*

**B.** ***An Asset Freeze is Necessary to Preserve the Court's Equitable Power to Award Effective Relief***

"The Court unquestionably has authority to freeze assets to preserve an equitable accounting of profits, a remedy provided to . . . victims by 15 U.S.C. § 1117(a)." *Johnson & Johnson v. Advanced Inventory Mgmt., Inc.*, 2020 WL 8260381, at *2 (N.D. Ill. July 20, 2020) (cleaned up). Similarly, the "Copyright Act expressly authorizes this equitable remedy, 17 U.S.C.

§ 504(b), and the Court can permissibly freeze assets to protect a plaintiff's equitable remedies." *Banister v. Firestone*, 2018 WL 4224444, at *9 (N.D. Ill. Sept. 5, 2018).

Popilush seeks equitable relief for the harm Defendants caused. The Court, in its broad discretion, should issue an asset restraint to preserve these "remed[ies] pending final judgment." *Nirvana, L.L.C. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2022 WL 22886568, at *2 (N.D. Ill. Mar. 1, 2022) (citing 15 U.S.C. § 1117(a) and noting that a successful Lanham Act plaintiff "shall be entitled . . . subject to the principles of equity, to recover (1) defendant's profits"); *see also* 17 U.S.C. § 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.").



Courts in this district grant asset restraints under these circumstances as "reasonably necessary to secure the (future) equitable relief"—such as an accounting of profits from the sale of the knockoff, infringing goods. *Sandisk, LLC v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Case No. 18-cv-08335, Dkt. No. 32 at 8 (N.D. Ill. Jan. 17, 2019) (Chang, J.)l; *see also Popilush*, Case No. 1:25-cv-10581, Dkt. No. 28, (N.D. Ill. Sep. 30, 2025) (granting asset restraint under similar circumstances as here) (Durkin, J.); *Audiowear*, Case No. 1:24-cv-11797, Dkt. No. 28; *Pathway*, Case No. 1:24-cv-5218, Dkt. No. 14; *Illumafinity*, Case No. 1:23-cv-15551,

Dkt. No. 7; *Deckers Outdoor,* Case No. 1:21-cv-5420, Dkt. No. 23; *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (holding that asset freeze was appropriate "[s]ince the assets in question . . . were profits" of unlawful conduct).

### C.     *Popilush has Shown Good Cause for its Request for Limited and Specific Expedited Discovery to Prevent Irreparable Harm*

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order." Fed. R. Civ. P. 26(d). Expedited discovery is governed by a "good cause" standard. *CampaignZERO, Inc. v. StayWoke Inc.*, 2020 U.S. Dist. LEXIS 228050, at *3-4 (N.D. Ill. Dec. 4, 2020). "District courts in this Circuit evaluate a motion for expedited discovery by considering the entirety of the record and the reasonableness of the request in light of the surrounding circumstances." *Id.* (citing *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill 2011)). "In deciding a motion for expedited discovery, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery sought; (3) the purpose of requesting expedited discovery; (4) the burden on the opposing party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.*

Popilush satisfies the good cause standard because it seeks targeted, limited expedited discovery for a discrete and compelling cause: to identify the bank and payment accounts that Defendants use for their infringing sales of products that utilize ██████████████ as well as the volume of those infringing sales. Nash Decl. ¶24. The limited scope of this discovery will therefore "not impose a significant burden" on its recipients. *CampaignZERO*, 2020 U.S. Dist. LEXIS 228050, at *6. The remaining factors favor Popilush as the purpose of this request is directly tied to preventing the harm the injunction seeks to halt. *Id.* at *3-4. The "burden" of

providing the requested discovery is low—the volume of requests will be no more than necessary to determine Defendants' account and sales information to ensure that Popilush can secure any illicit gains. *Id.* at \*6. Nor is this request premature; it comes just weeks before the first discovery requests would ordinarily follow the Rule 26(f) conference. *Id.* at \*3-4.

When faced with these circumstances, courts in the Northern District routinely grant expedited discovery to prevent further harm. *Popilush*, Case No. 1:25-cv-10581, Dkt. No. 29, (N.D. Ill. Sep. 30, 2025) (granting expedited discovery request under similar circumstances as here) (Durkin, J.); *Pathway*, Case No. 1:24-cv-5218, Dkt. No. 14 ("the Court grants Plaintiff's Motion for . . . Expedited Discovery"); *Illumafinity*, Case No. 1:23-cv-15551, Dkt. No. 7 ("Plaintiffs' motion for . . . expedited discovery [is] granted"); *Audiowear Tech.*, Case No. 1:24-cv-11797, Dkt. No. 28 ("Plaintiff's motion for . . . expedited discovery [is] granted"); *see also Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, 2013 U.S. Dist. LEXIS 47248, at \*28-29 (N.D. Ill. Mar. 27, 2013) ("In this case there is good cause to allow for expedited discovery. Because the Defendants in this case are located overseas and have gone to great lengths to conceal their identities and avoid detection, it is likely that this Court's restraining order would be of little value if the Plaintiff is unable to discover the Defendants' bank accounts and serve the financial institutions maintaining those accounts.").

## V.     A Bond of No More Than $10,000 is Sufficient to Secure the Requested Injunctive Relief

Under Federal Rule of Civil Procedure 65(c), the court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed. R. Civ. P. 65(c).

Popilush requests that the Court set a bond of no more than $10,000. This amount is reasonable and often used as a benchmark amount in these proceedings. *See, e.g.*, *Illumafinity*, Case No. 1:23-cv-15551, Dkt. No. 8 (Dec. 6, 2023) ($10,000 bond); *Bright Hand LLC v. The Individuals, Corporations, Ltd. Liab. Companies, Partnerships, And Unincorporated Associates Identified On Schedule "A,"* Case No. 1:24-cv-07564, Dkt. No. 34 (Oct. 18, 2024) ($10,000 bond); *Sandisk*, Case No. 1:21-cv-2692, Dkt. No. 25 ($10,000 bond).

## VI.   <u>CONCLUSION</u>

For all these reasons, Popilush requests that this Court grant this motion in its entirety.


Dated: December 30, 2025

*/s/ Nicholas J. Ronaldson*
Nicholas J. Ronaldson
nronaldson@mayerbrown.com
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
T: (312) 623-7056

Gary M. Hnath*
ghnath@mayerbrown.com
Wm. Brady Nash*
bnash@mayerbrown.com
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
T: 1 202 263 3040
*Counsel for Popilush LLC*
* *pro hac vice* pending