**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **POPILUSH LLC** <br><br> *Plaintiff,* <br><br> v. <br><br> **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"** <br><br> *Defendants.* | Case No. 1:25-cv-15642 <br><br> Honorable Thomas M. Durkin |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Popilush LLC ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in the Schedule A attached hereto ("Defendants"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds that Plaintiff has provided notice to Defendants in accordance with the Sealed Expedited Discovery And Electronic Service Order entered January 29, 2026, Dkt. No. 39 ("Order"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Popilush's patent, copyrights, and create a false designation of origin in violation of the Lanham Act

("Popilush's Intellectual Property") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant's e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that infringe Popilush's Intellectual Property. *See* Docket No. 1 at Exs. 1, 3. This further includes screenshot evidence confirming that each Defendant's e-commerce store stands ready, willing, and able to ship goods to customers in Illinois that infringe Popilush's Intellectual Property. A list of Popilush's Intellectual Property at issue is included in the chart below.

| REGISTRATION NUMBER | POPILUSH'S INTELLECTUAL PROPERTY TYPE |
| --- | --- |
| US 12,302,954 | Patent |
| VA 2-367-941 | Copyright |
| VA 2-369-581 | Copyright |
| VA 2-370-608 | Copyright |
| VA 2-370-617 | Copyright |
| VA 2-374-723 | Copyright |
| VA 2-375-061 | Copyright |
| VA 2-375-159 | Copyright |
| VA 2-375-189 | Copyright |
| VA 2-377-004 | Copyright |
| VA 2-374-811 | Copyright |
| VA 2-377-013 | Copyright |
| N/A | Lanham Act Claim for False Designation of Origin |

This Court also finds that the injunctive relief previously granted in the TRO should remain in place as to the Defendants through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. *See* Sealed Temporary Restraining Order And Asset Restraint, Dkt. No. 40 (Jan. 29, 2026). Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits;

2

that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of patent and copyright infringement as well as violations of the Lanham Act because (1) the Popilush patent is in good standing and registered with the U.S. Patent and Trademark Office and the Popilush copyrights are in good standing and registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of Popilush's Intellectual Property, and (3) Defendants' use of Popilush's Intellectual Property is harming Popilush, infringing its patent and copyrights, and causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of Popilush's Intellectual Property irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be enjoined and restrained from:

    a. using Popilush's Intellectual Property or any reproductions, copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Popilush product, not authorized by Popilush to be sold in connection with Popilush's Intellectual Property,

and that infringes Popilush's Intellectual Property, including the accused products, URLs, or product listings now know or later identified;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Popilush product or any other product produced by Popilush, that is not Popilush's or not produced under the authorization, control, or supervision of Popilush and approved by Popilush, for sale in accordance with Popilush's Intellectual Property rights;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Popilush, or are sponsored by, approved by, or otherwise connected with Popilush; and

d. manufacturing, shipping, delivering, holding for sale, selling, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Popilush, nor authorized by Popilush to be sold or offered for sale, including any reproductions, counterfeit copies, or colorable imitations, which infringe any of Popilush's Intellectual Property, including any Popilush patent, copyright, or trademark.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts in relation to or concerning the accused products, the platforms on which the accused products are sold, the sales or profits of the accused products, the issues in this case, or Popilush's Intellectual Property.

3. Popilush is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

4

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendants' financial accounts, including Defendants' sales and listing history related to their respective online marketplaces, platforms, or domains; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (such as and including MasterCard and VISA).

4. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant

5

Domain Names and make them inactive and untransferable until further order by this Court or until the Order expires, whichever occurs earlier.

5. Upon Popilush's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' online marketplaces, platforms, or domains, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, TikTok, Shien, Temu, and Dhgate ("Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Popilush expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendants' financial accounts, including Defendants' sales and listing history related to their respective online marketplaces, platforms, or domains; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant

6

Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (such as and including MasterCard and VISA).

6. Upon Popilush's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Popilush's Intellectual Property.

7. Any Third Party Providers, including, without limitation, PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, any e-mail addresses connected to or affiliated with the Defendants' seller aliases listed in Schedule A and as identified in Exhibits 1 and 3 to the Complaint, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier.

8. Popilush may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses

connected to or affiliated with the Defendants' seller aliases listed in Schedule A and as identified in Exhibits 1 and 3 to the Complaint, and any e-mail addresses provided for Defendants by third parties. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. This Order shall remain in effect for the duration of the proceedings of this case.

11. Absent an Order from the Court, the bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**SO ORDERED:**

Dated: February 27, 2026

_Thomas M Durkin_
Honorable Judge Thomas M. Durkin
United States District Judge

8

**Schedule A**

| Seller Alias No. | Seller Alias | Exemplar Infringing Product Listing |
|---|---|---|
| 1 | Wisheine | https://www.temu.com/login.html?from=https%3A%2F%2Fwww.temu.com%2Fwomens-elegant-lace-shapewear-bodycon-dresshigh-support-backless-long-cocktail-shaper-with-spaghetti-straptummy-control-butt-lifting-starry-pattern-high-thigh--15-minutedaily-wear-for-parties-night-out-special-occasions-2025--noundergarments-needed-shapewear-for-women-tummy-controlshapewear-body-shapewear-seamless-design-durableconstruction-breathable-fabric-highth-support-dresse-for-womenwomen-dresse-dres-slip-for-women-under-dres-g-601103556058659.html%3Ftop_gallery_url%3Dhttps%253A%252F%252Fim&login_scene=2&refer_page_name=goods&refer_page_id=10032_1769469889154_ujaxqfdmew&refer_page_sn=10032&_x_sessn_id=604a3he71vg.kwcdn.com%2Fproduct%2Ffancy%2Fa22ec4e6-e462-488c-9378-7e88682f4e77.jpg&spec_id=3002&spec_gallery_id=317139&refer_page_sn=10032&refer_source=0&freesia_scene=2&_oak_freesia_scene=2&_oak_rec_ext_1=MzA3Mg&_oak_gallery_order=488667245%2C521153232%2C427862727%2C1626903696%2C159703572&_oak_mp_inf=EKO8up%2B11ogBGiAzNTgzZTM3Njg5MDU0MjE5OTM4ZjE3NzNhOTI0NWNlZiCgh8GUnTM%3D&spec_ids=3002&search_key=built%20in%20shapewear%20dress%20maxi&refer_page_el_sn=200049&_x_sessn_id=k31bybw851&refer=&refer_page_name=goods&refer_page_id=10032_1766514108883_9396z616qs |
| 2 | Yiwu Yiyun Clothing Co., Ltd. | https://www.alibaba.com/product-detail/Yiyun-Custom-2024-Women-s-Seamless_1601010939312.html?spm=a2700.shop_plser.41413.1.6d937411T2dPEz |
| 7 | Shenzhen Agilemind E-Commerce Co., Ltd. | https://www.alibaba.com/product-detail/Wholesale-Plus-Size-2-in-1_1600892519529.html?spm=a2700.shop_plser.41413.4.767249c57eOk6O |